Ex parte Dickerson
















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-277-CV

EX PARTE R.J. LAMAR DICKERSON

 

From the 19th District Court
McLennan County, Texas
Trial Court # 1995-117-J
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â The juvenile court signed an order waiving its jurisdiction over the person of R.J. Lamar
Dickerson and transferring him to a district court to be tried as an adult on September 5, 1995. 
Dickerson sought to appeal this order by notice of appeal filed on September 26, 2002. We
dismissed this appeal as untimely in an unpublished opinion dated December 31, 2002. See In re
Dickerson, No. 10-02-262-CV (Tex. App.âWaco Dec. 31, 2002, no pet.) (mem. op.) (not
designated for publication).
Â Â Â Â Â Â Dickerson filed a habeas application with the juvenile court on June 4, 2003 seeking an out-of-time appeal. The juvenile court denied the habeas application by order signed on June 5. 
Dickerson filed a notice of appeal on June 26. The clerkâs record was filed on August 27. 
Because no reporterâs record was made, Dickersonâs brief was due on September 26. See Tex.
R. App. P. 38.6(a). To date, no appellantâs brief has been filed.
Â Â Â Â Â Â Appellate Rule 38.8(a)(1) provides that if an appellant fails to timely file a brief, the Court
may:
dismiss the appeal for want of prosecution, unless the appellant reasonably explains the
failure and the appellee is not significantly injured by the appellantâs failure to timely file
a brief.

Id. 38.8(a)(1).
Â Â Â Â Â Â The Clerk of this Court sent the following notice to Dickerson on October 9, 2003:
Pursuant to Rules 38.8(a)(1) and 42.3 of the Texas Rules of Appellate Procedure, you
are notified that the Court may dismiss this appeal for want of prosecution unless, within
ten days of this letter, the appellant or any party desiring to continue the appeal files with
this court a response showing grounds for continuing the appeal.

The Court has received no response. Therefore, the appeal is dismissed for want of prosecution. 
Id. 38.8(a)(1).

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Gray,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Judge Allen (Sitting by Assignment)



Appeal dismissed for want of prosecution
Opinion delivered and filed December 31, 2003
[CV06]



lland, Man, letÂs go.Â Holland replied ÂI ainÂt going nowhere.Â  I didnÂt do nothing.ÂÂ  Monroe then fled the scene.

Â Â Â Â Â Â Â Â Â  Â  Considering all of the
evidenceÂincluding the accomplice witnessÂ testimony and the corroborating
evidenceÂthe jury could rationally have found Holland guilty beyond a
reasonable doubt.Â  The evidence is legally and factually sufficient to sustain
the verdict.

CONCLUSION

Â Â Â Â Â Â Â Â Â  Having overruled the issues, we affirm
the judgment.

Â 

Â 

BILL VANCE

Justice

Â 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed July 6, 2005

Do
not publish

[CRPM]









Â Â Â  [1]Â Â Â Â Â Â  A
witness for the State identified Holland as a person who had been at the house
approximately two weeks before the robbery.